UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOVNATON KRIKORIAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
    _____/

Case no: 15-14128
District Judge Victoria A. Roberts
Magistrate Judge R. Steven Whalen

## ORDER:
### (1) ADOPTING REPORT AND RECOMMENDATION (Doc. #28);
### (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 21); AND,
### (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. # 20)

Plaintiff Hovnaton Krikorian ("Krikorian") brings this action pursuant to 42 U.S.C. 405(g). He appeals the denial of Social Security disability benefits by the Commissioner of Social Security (the "Commissioner"). The Appeals Council denied Krikorian's Request for Review of the decision issued by the Administrative Law Judge ("ALJ") on September 25, 2015. That ALJ decision stands as the Commissioner's final decision. The parties filed cross-motions for summary judgment. The Court referred those motions to Magistrate Judge R. Steven Whalen.

Magistrate Judge Whalen issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's Motion and deny Krikorian's. Magistrate Judge Whalen found that: (1) Doctors Sherman's and Fuerst's findings contain support

1

for Krikorian's residual functional capacity ("RFC"); (2) the ALJ's failure to reference a restriction on Krikorian's interaction with supervisors in his RFC assessment is, at most, harmless error; (3) the transcript does not support Krikorian's argument that the ALJ failed to exercise a heightened duty of care at the hearing; (4) the ALJ's conclusion that Krikorian is no longer disabled is well supported and explained; and, (5) the Commissioner has met her burden to show that Krikorian's disability ended as of February 9, 2012.

Krikorian filed objections to the R&R. They are: (1) Dr. Fuerst's report does not support the RFC; (2) the ALJ's failure to reference a restriction on his interactions with supervisors in his RFC was not harmless error; and, (3) the ALJ failed to exercise his heightened duty of care at the hearing.

After proper objections are made, the Court reviews *de novo* a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1); F. R. Civ. P. 72(b)(3). A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (citation omitted); *see also Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 453-54 (6th Cir. 2006) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997)). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 93 (6th

Cir. 1986); *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 798 (E.D. Mich. 2013).

After carefully reviewing the cross motions for summary judgment, the R&R, Krikorian's objections, the Commissioner's response, and the remainder of the record, the Court agrees with Magistrate Judge Whalen's conclusions.

Magistrate Judge Whalen accurately laid out the facts and relevant portions of the administrative record; he engaged in a thorough analysis of the issues and provided reasoned explanations for his conclusions. In reaching his conclusions, Magistrate Judge Whalen considered the entire record and applied the appropriate standard for review of an ALJ's decision.

Accordingly, the Court **ADOPTS** Magistrate Judge Whalen's Report and Recommendation: Defendant's Motion for Summary Judgment is **GRANTED**; Plaintiff's Motion for Summary Judgment is **DENIED**. The decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
United States District Judge

Dated: March 14, 2017